# THE LAW OFFICE OF EDWARD HANRATTY

**Edward Hanratty, Esq.**                                                                     **80 Court Street**
 **Admitted in NJ,PA,WV**                                                                  Freehold, NJ 07728
                                                                                                              Tel:732-866-6655
**www.centralnewjerseybankruptcylawyer.com**                          Fax: 732-734-0651

July 30, 2021

Hon. Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
Hon. Clarkson S. Fisher, Sr. Federal Building
402 East State Street
Trenton, NJ 08608
**Via: Electronic Court Filing**

                **Re: Ricardo & Lidia Gomez**
                **Bk Docket No.: 20-22489-MBK**
                **REPLY TO TRUSTEE'S OBJECTION TO PLAN**

Your Honor:

     Please accept this letter in lieu of a more formal brief in support of the debtor's reply to the Trustee's Objection to Plan in the above matter.

     Bankruptcy Rules 3015(c) and 3015.1 require that chapter 13 plans follow a standard format; but the key to many successful chapter 13 plans is the inclusion of "nonstandard provisions." These provisions address important issues for the consumer regarding the chapter 13 plan not listed on Official Form 113 or a standardized chapter 13 plan adopted in a local bankruptcy district. Both the national and local forms provide a section where the debtor may

include "nonstandard provisions," which are defined as provisions "not otherwise included in the Official or Local Form or deviating from it."

11 USC 1325(a) states that a court "shall confirm a proposed Chapter 13 plan if it confirms with that section's requirements and there is no objection by any party.

The text of the relevant portion of the statute reads:

a) Except as provided in subsection
b) The court shall confirm a plan if—
   (1) The plan complies with the provisions of this chapter and with the other applicable provisions of this title;
   (2) any fee, charge, or amount required under chapter 123 of title 28, or by the plan, to be paid before confirmation, has been paid;
   (3) the plan has been proposed in good faith and not by any means forbidden by law;
   (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;
   (5) with respect to each allowed secured claim provided for by the plan—
      A. the holder of such claim has accepted the plan;
      B.
         i. the plan provides that—
            I. the holder of such claim retain the lien securing such claim until the earlier of—
               aa) the payment of the underlying debt determined under nonbankruptcy law; or
               bb) discharge under section 1328; and
            II. if the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
               (ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
               (iii) if—
                  I. property to be distributed pursuant to this subsection is in the form of periodic payments, such payments

               shall be in equal monthly amounts; and
           II. he holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
     C. the debtor surrenders the property securing such claim to such holder;
(6) the debtor will be able to make all payments under the plan and to comply with the plan;
(7) the action of the debtor in filing the petition was in good faith;
(8) the debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation; and
(9) the debtor has filed all applicable Federal, State, and local tax returns as required by section 1308.

In this case, the basis for the trustee's objection is "The debtor included additional language in Part 10 of the plan that is not approved by the Court and is not necessary for the confirmation of the plan."

The trustee's objection obviates the need for the official form section permitting nonstandard provisions and calls for the court to rule contrary to the express provisions of 11 USC 1325. The trustee's position also ignores the word "shall" contained in 11 USC 1325(a). A court shall confirm a plan that satisfies 11 USC 1325(a) and (b). The trustee does not assert that the plan does not satisfy the statutory requirements, only that the proposed language is not necessary to satisfy those requirements.

The surplusage canon of statutory construction requires **courts to give each word and clause of a statute operative effect**, if possible. (<u>Duncan v. Walker</u>, 533 U.S. 167 at 174 (2001)). Stated another way, courts should not interpret any statutory provision in a way that would render it or another part of the statute inoperative or redundant. In this case, the trustee's

interpretation calls for the court to violate that canon. By calling for the denial of confirmation for a reason other than that set forth in the statute as a determinative factor, the trustee is asking that the word "shall" be read out of the statute. Additionally, the trustee's position requires the court to delete from the approved form plan the entire structure and verbiage to permit non-standard language in a Chapter 13 plan.

      The objection should be overruled.

      Very yours truly,

**/s/ Edward Hanratty**
EDWARD HANRATTY, ESQ.
For the Firm